NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

UNITED BANK CARD, Inc.,                    :

    Plaintiff,                              :     Civ. No. 06-5772 (GEB)
    v.
                                             :     **MEMORANDUM OPINION**
VICTOR J. RIVERA, d/b/a UNITED BANK
CARD OF LAS VEGAS,                         :

    Defendant.                              :

---

**BROWN, Chief Judge**

    This matter comes before the Court upon the Motion to Dismiss of Plaintiff United Bank Card, Inc. ("UBC" or "Plaintiff").  The Court has reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below the Court will grant Plaintiff's motion and dismiss all claims in this matter.

    Under Federal Rule of Civil Procedure 41(a)(2),

> an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.  If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

FED. R. CIV. P. 41(a)(2).

    In its October 25, 2007 letter-brief to the Court, Plaintiff moves to dismiss with prejudice counts III, IV and V of its Complaint (the "federal claims") and "to [d]ismiss [w]ithout

[p]rejudice the remaining pendent state claims subject to the refiling of the pleadings within (30) days in Superior Court pursuant to" Rule 41(a)(2). (Pl. Br. at 1.) UBC submits that once the Court dismisses the federal claims, there will remain no other basis for federal jurisdiction over this matter and the Court should "decline to exercise supplemental jurisdiction over the remaining state law claims." (*Id.* at 1-2.)

Plaintiff argues that the dismissal of this matter in federal court and its re-initiation at the state court level would not prejudice the Defendant. (*Id.* at 6.) Indeed, Plaintiff submits that "even though the discovery period has ended, there would be no waste of the discovery efforts of the parties to date" as there have been no depositions, no expert reports, and no dispositive motions. (*Id.*) Moreover, Plaintiff suggests that it would not be opposed to making any discovery in this matter transferable to a subsequent state court proceeding, and offers to "assume the cost of any required state filing." (Pl. Reply at 2.)

Plaintiff also rejects any suggestion that dismissal would deprive Mr. Rivera of his right to a jury trial. (*Id.*) According to UBC, Magistrate Judge Hughes never "awarded" Mr. Rivera a jury trial, but merely "observ[ed] that a jury trial had been demanded by the Defendant." (*Id.*) UBC also notes that litigation in state court would not necessarily entail the loss of the right to trial by jury. (*Id.*)

Defendant, however, opposes the motion to dismiss. Indeed, Mr. Rivera claims that granting Plaintiff's motion would deprive him of the jury trial allegedly promised by Magistrate Judge Hughes. (Def. Opp'n at 1-2.) While Mr. Rivera asserts that there is a basis for federal jurisdiction other than the federal claims, he does not elaborate on that statement or assert any other basis for jurisdiction. (*Id.* at 3.) Finally, Defendant contends that he has participated in

discovery for close to fourteen (14) months and that the time and effort spent on discovery would be wasted if this action were to be dismissed.  (*Id.* at 18.)

"Once an answer or motion for summary judgment is filed in a case, a party who seeks dismissal of the case without prejudice must obtain an order from the district court." *In re Diet Drugs Prods. Liab. Litig. Rubin*, 85 Fed. App'x 845, 847 (3d Cir. 2004), *citing* FED. R. CIV. P. 41(a)(2). "The decision whether to grant a motion for voluntary dismissal under Rule 41 is within the district court's sound discretion." *Rubin*, 85 Fed. App'x at 847, *citing Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974); *see also Thomas & Betts Corp. v. Richards Mfg. Co.*, No. 01-4677, 2007 U.S. Dist. LEXIS 31085, at *40 (D.N.J. Apr. 26, 2007) ("Voluntary dismissal under FED. R. CIV. P. 41(a)(2) is a matter entrusted to the discretion of the district court."). "As a general matter, a district court considering a plaintiff's motion for voluntarily dismissal must 'decide the presence or extent of any prejudice to the defendant by the draconian measure of dismissing plaintiff's complaint.'" *Rubin*, 85 Fed. App'x at 847, *quoting Ferguson*, 492 F.2d at 29.

Defendant has filed an answer in this case.  Dismissal under Rule 41 can therefore only occur by Order of the Court.  The Court notes as a threshold matter that it would lose federal question jurisdiction over the matter if it were to dismiss counts III, IV and V of Plaintiff's Complaint as no other basis for jurisdiction has been invoked.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.").

While the dismissal of Plaintiff's federal claims remains in this Court's discretion, there is no evidence in the record of undue delay, bad faith or dilatory motive on the part of Plaintiff.  UBC explained that it moved to dismiss its federal claims "because the factual basis for those

trademark claims has recently evaporated." (Pl. Reply at 5.)  Indeed, Plaintiff submits that the registration for the URL or Internet domain name that was allegedly infringing on Plaintiff's trademark has recently expired.  (*Id.*)

In addition, the record suggests that while dismissal of the case would no doubt impose a small burden on Mr. Rivera, it would not unduly prejudice him. As explained by Plaintiff, while the discovery process has already been completed in this matter no depositions have been taken and no dispositive motions (excluding the instant one) have been filed.  Moreover, Plaintiff has represented to the Court that it would re-file its state claims in New Jersey Superior Court within 30 days of dismissal of this action, and that it would pay all required state filing fees.  Mr. Rivera can thus rest assured that he will have the opportunity to once again assert his counterclaims against Plaintiff.  Finally, Plaintiff has posited that "[a]ll pleadings and discovery are easily transferred to any state court proceeding" and thus agreed that any discovery in this matter could be used in any further state action . (Pl. Br. at 6.)  The time spent on discovery in this matter will therefore not have been wasted.

For the foregoing reasons, the Court will, in its discretion, allow Plaintiff to voluntarily

dismiss the federal claims in its Complaint with prejudice.  This deprives the Court of original subject matter jurisdiction over the action, and the Court will grant Plaintiff's motion to dismiss without prejudice the remainder of Plaintiff's claims and Mr. Rivera's counterclaims under Rule 12(b)(1) and 28 U.S.C. § 1332(a).[1]  An appropriate form of Order accompanies this Opinion.

Dated: January 15, 2008

     s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.

---

[1] The Court notes that it is within its discretion to refuse to exercise supplemental jurisdiction over the remaining state claims once it has dismissed all claims over which it had original jurisdiction. *Gibson v. Superintendent of N.J. Dep't of Law & Public Safety*, No. 02-5470, 2007 U.S. Dist. LEXIS 22871, at *22 (D.N.J. March 29, 2007), *citing* 28 U.S.C. § 1367(c)(3).  The Court may decline to exercise jurisdiction "in order to promote convenience, judicial economy, and fairness to litigants, and to protect interests of federalism.'" *Gibson*, at *22-23, *quoting Ambromovage v. United Mine Workers*, 726 F.2d 972, 989-90 n.53 (3d Cir. 1984).  Given Plaintiff's assurances that it will re-initiate this action in state court within 30 days of the filing of this Opinion, the Court holds that it will decline to exercise jurisdiction over the remaining state law claims in the interest of convenience and judicial economy.